IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:02-CR-0760-JOF |
| | : | |
| LARRY HARRIS, JR., | : | CIVIL ACTION NO. |
| | : | 1:05-CV-3067-JOF |
| Defendant. | : | |

**OPINION AND ORDER**

This matter is before the court on Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 [52].

**I.    Background**

On July 17, 2003, Petitioner, Larry Harris, was convicted by a jury of arson under 18 U.S.C. § 844(i). Section 884 states:

> whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not less than 5 years and not more than 20 years.

On October 27, 2003, Petitioner was sentenced to 97 months' imprisonment to be followed by three years of supervised release. Further, he was required to pay restitution in the amount of $110,772.61 to the victims. Petitioner filed a direct appeal and the United States Court

AO 72A
(Rev.8/82)

of Appeals for the Eleventh Circuit affirmed Petitioner's conviction on September 2, 2004. Petitioner was represented by the same counsel at trial, sentencing, and on appeal.

On November 30, 2005, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 contending that (1) the District Court erred in determining that Petitioner knowingly created a substantial risk of injury within the meaning of the sentencing guidelines; (2) the Government failed to present adequate evidence that the building had a sufficient connection to interstate commerce; and (3) his counsel was ineffective in (a) failing to object to the enhancement under the guidelines and (b) failing to object to the district court's jurisdiction under 18 U.S.C. 844(i).

## II.   Discussion

### A.   Procedural Bar

Petitioner did not raise any of these issues on direct appeal.  "Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal or else it will be considered procedurally barred in a § 2255 proceeding." *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). *See also Cross v. United States*, 893 F.2d 1287, 1289 (11th Cir. 1990).  When a defendant fails to raise an available claim for relief on direct appeal and thus faces a procedural bar, his claim will not be considered in a section 2255 proceeding unless he can show cause for the default and actual prejudice suffered as a result of the alleged error. *Mills*, 36 F.3d at 1055.  Alternatively, a defendant may overcome a procedural bar if he can show a fundamental miscarriage of justice; "in an extraordinary case,

2

where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Petitioner does not contend that he is actually innocent but does raise an ineffective assistance of counsel claim that may excuse his procedural default.

With regard to Petitioner's arguments that (1) the District Court erred in determining that Petitioner knowingly created a substantial risk of injury within the meaning of the sentencing guidelines and that (2) the Government failed to present adequate evidence that the building had a sufficient connection to interstate commerce, it does not appear that Petitioner ever raised these issues on direct appeal. The unpublished decision affirming the judgment of this court addressed four issues: (1) The court's failure to remind the jury that one count had been disposed of; (2) whether the court erred by failing to give a limiting instruction regarding the significance of certain evidence presented by the Government which related to the dismissed count; (3) the court's failure to give a, *sua sponte*, Fed R. Evid. 404(b) limiting instruction concerning the same evidence; and (4) whether the court erred by imposing a two-level enhancement for obstruction of justice. Collateral review under section 2255 is not a substitute for direct appeal, and thus a defendant is obliged to assert all valid claims on direct appeal. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). As Petitioner did not raise these claims on direct review and has shown no reason for the failure to raise such

3

arguments, he is procedurally barred from raising them now in this collateral proceeding. *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994).

### B.    Standards for Ineffective Assistance of Counsel Claims

To establish that his trial attorney rendered ineffective assistance of counsel, Petitioner must show both that the performance of his attorney was deficient and that such deficiency prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first prong of his ineffectiveness claim, Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Counsel is strongly presumed to have rendered adequate assistance, *id.* at 690, and the cases in which petitioners for post-conviction relief can properly prevail on ineffectiveness grounds are "few and far between." *See Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc). To satisfy the second prong, Petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hill v. Moore*, 175 F.3d 915, 922 (11th Cir. 1999) (quoting *Strickland*, 466 U.S. at 694). The court remains free to dispose of the claim under either prong. *Oats v. Singletary*, 141 F.3d 1018, 1025 (11th Cir. 1998).

4

### 1.     **Enhancement**

Petitioner contends that he has a valid ineffective assistance of council claim for his trial council in failing to object to the enhancement of the Petitioner's sentence. Specifically, Petitioner contends that his trial counsel should have objected to the enhancement recommended in the Presentence Investigation Report which found that Petitioner's offense created a substantial risk of death or serious bodily injury to others.

At sentencing the court stated, "the presentence report is most thorough and most detailed, and the court finds that the facts that it contains are reliably established." Transcript, 10/3/2003, p. 2. The Presentence Investigation Report contained a detailed section addressing the specific risks to firefighters justifying the application of the increased guideline range.

> **Base Offense Level**: The United States Sentencing Commission Guideline for violation of 18 U.S.C. § 884(i) is found in the U.S.S.G. § 2K1.4(a)(1)(A) and calls for a base offense level of 24 if the offense created a substantial risk of death or serious bodily injury to any person other than a participant in the offense, and that risk was created knowingly. Numerous firefighters testified that while they were inside the building fighting the fire, they were ordered out immediately because fire was detected beneath them in the basement/crawlspace area. Lieutenant Cohilas testified he reported to the incident commander there was a fire beneath the floor of the building in a crawl space, and recommended the evacuation of the interior crews because if a hole had burned through the floor, the firefighters could have fallen into the crawl space or basement. The application of this guideline is appropriate because the evidence indicates HARRIS knew there were containers of gasoline in the building (main floor and basement) and were placed there to ensure total destruction. The fire in the basement posed a significant hazard to firefighters as noted by Lieutenant Cohilas. However, the 2 ½ gallon container of gasoline on the main floor of the building posed as great a danger to the firefighters.

AO 72A
(Rev.8/82)

> (The absence of that container was detected by Michael Lane during his origin and cause investigation. FI Duck informed Lane the container was found inside a storage room, but was missing. HARRIS admitted there was a container of gasoline inside the building, but he moved it after the fire to start a vehicle.) If the container had exploded while firefighters were inside, the fire and smoke would have engulfed them and caused serious injuries or death. In the alternative, the resulting inferno would have disoriented the crews and made their egress difficult to the point of being life threatening.

Presentence Investigation Report , ¶ 227.

Assuming, *arguendo*, that Petitioner's trial counsel was deficient in failing to object to the enhancement under U.S.S.G. § 2K1.4(a)(1)(A), the court finds that Petitioner was not prejudiced by the failure to make such an objection. The court finds that the Presentence Investigation Report has identified that several factors which evidence a substantial risk of death or serious bodily injury to the firefighters, namely the presence of fire in a hidden basement and the containers of gasoline. Therefore, the court finds that the enhancement under U.S.S.G. § 2K1.4(a)(1)(A) was merited.

Petitioner cannot show any prejudice as a result of his trial counsel failing to object to the enhancement. Therefore, Petitioner's first claim of ineffective assistance of counsel fails. The court DENIES Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 with regard to Petitioner's claim that he received ineffective assistance of counsel when his trial counsel failed to object to the enhancement under U.S.S.G. § 2K1.4(a)(1)(A).

### 2. Interstate Commerce

Next, Petitioner contends trial counsel's failure to object to the District Court's jurisdiction under 18 U.S.C. § 844(i) constitutes ineffective assistance of counsel. Specifically, Petitioner contends that his counsel failed to object to the lack of jurisdiction under the commerce clause.

Assuming, *arguendo*, that Petitioner's trial counsel was deficient in failing to object to the court's jurisdiction under 18 U.S.C. § 844(i), the court finds that Petitioner was not prejudiced by the failure to make such an objection.

On July 16, 2003, prior to sending the case to the jury, the court specifically addressed whether the Government had made a sufficient showing that the building allegedly burned by Petitioner was used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce. After conversations, the court concluded that there was "probably enough to go to a jury." Transcript of 7/16/03, p. 3-277. As the court at trial specifically addressed the issue of whether the Government had shown sufficient connection to interstate commerce, this court is unsure how trial counsel's failure to object along the same lines prejudiced Petitioner.

Further, the court finds that there was sufficient evidence that the building was used in interstate commerce or in any activity affecting interstate commerce to send the matter to the jury. Evidence is sufficient to sustain a conviction if, viewing the evidence in the light most favorable to the Government, "any rational trier of fact could have found the essential

7

elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The evidence at trial showed that the Petitioner's business purchased a car from the "Florida Auto Auction." While the Government did not establish the exact location of this auto auction, the court finds that a rational trier of fact could have found that this auction was in fact located in Florida. Thus, a rational trier of fact could have found that the business located in the building burned by the Petitioner was in fact actively involved in interstate commerce.

Therefore, the court cannot find the Petitioner was prejudiced by his counsel's failure to object to the court's jurisdiction pursuant to 18 U.S.C. § 844(i). Thus, the court DENIES Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 with regard to Petitioner's claim that he received ineffective assistance of counsel with respect to his counsel's failure to object to the court's jurisdiction under 18 U.S.C. § 844(I).

**III.     Conclusion**

The court DENIES Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 [52].

SO ORDERED, this 8th day of December 2006.

s/ J. Owen Forrester  
J. OWEN FORRESTER  
SENIOR UNITED STATES DISTRICT JUDGE
